CHARLES G. BALMER, Respondent, *v.* GEORGE SUNDER ET AL., Appellants.

February 21, 1882.

1. An executor may, without indorsement, make a valid transfer of a promissory note to a distributee of the estate.

2. In an action on a promissory note, title in the plaintiff is shown by proving that the executor, on final distribution of the estate, gave him the note, though under the will the executor was entitled to it as residuary legatee.

3. Proof that the maker of a note had a special tax-bill against the property of the payee, that an entry had been made discharging the lien of the tax-bill, and that the tax-bill and the note were found among the payee's papers after his death, is not sufficient to warrant the inference that the payee did not pay the tax-bill, and that he had agreed to credit the note with the amount of the tax-bill, but had neglected to do so.

APPEAL from the St. Louis Circuit Court, LINDLEY, J. *Affirmed.*

COLLIER & MUENCH, for the appellants.

JOSEPH JECKO, for the respondent.

BAKEWELL, J., delivered the opinion of the court.

This was an action upon a negotiable promissory note, made by defendants Sunder and Unland, to the order of Elizabeth Balmer, payable one year after date, for $300, with interest from date at ten per cent per annum. The note is dated January 6, 1872. The petition alleges that, on October 2, 1875, the payee of the note died, and that upon the settlement of her estate in the probate court of the city of St. Louis, plaintiff, who is the son of said Elizabeth, became, and now is, the legal holder and owner of said note, etc.

The answer admits the execution and delivery of the note to the payee, and denies all other allegations of the petition. Payment of one year's interest at the maturity of the note, is averred. The answer sets up as a special defence, that on December 16, 1873, defendant Sunder became the owner of a special tax-bill issued by the city of St. Louis, to one Storll, which was a lien for $272 upon a leasehold estate described, belonging to the payee of the note, which tax-bill defendant Sunder, at the last-named date, delivered to her, with the understanding between Mrs. Balmer and himself that the amount of the bill should be credited upon the note, or the tax-bill returned to Sunder for collection; and that Mrs. Balmer kept the tax-bill, received the benefit thereof, and the bill was barred by limitation before the commencement of the suit.

The replication denies the new matter.

There was a verdict and judgment for the full amount of the note and interest.

1. The evidence showed that Mrs. Balmer died, leaving only two children, the plaintiff Charles Gottfried, and his elder brother Charles; that Charles administered upon her estate; that, by her last will, she appointed him her executor, and that her will contained the following clauses, which are admitted to be the only clauses applicable to the note in suit: —

" I give and bequeath unto my youngest son,. Charles Gottfried Balmer, and his wife, Julia (*née* Opel), all my clothes, wearing apparel, jewelry, carriage and harness,. household and kitchen and table furniture, beds, books, pictures, and all other personal property belonging to me at the time of my decease, and situate in and about my present residence.  *  *  *  All the residue of my estate I give and bequeath to my oldest son, Charles Balmer." The estate had been finally settled, showing a balance due the executor. Charles Balmer testified that he gave the note in suit to his brother, the plaintiff, in the distribution of the estate before the final settlement; that he had turned the note over to plaintiff because he was told that, under the will he had no right to the personal property. "I gave it to plaintiff," the witness adds, "together with other papers. They claimed it under the personal property clause of the will, and I transferred it by delivery to him. I simply gave up the note because it was claimed by plaintiff and under the advice of my counsel." The note bears no indorsement.

Appellants contend that the petition will not support the verdict, and that this evidence affirmatively showed that plaintiff was not the owner of the note.

So far as the first objection is concerned, we consider that the petition is good enough after verdict. It states by implication that the note was delivered to plaintiff by the legal representative of the payee. The executor has title, and might make a valid transfer of this note, by delivery alone without indorsement, to the distributee of the estate lawfully entitled to it.

From the portions of the will preserved in the bill of exceptions, it would appear that this note went to the residuary legatee. But, as the residuary legatee testifies that he gave the note to plaintiff, and inasmuch as if, as appellants contend, the note belonged to Charles as residuary legatee, he had a perfect right to give it to the plaintiff, and by

doing so, vested title in him, we see nothing in the contention of appellants, that there is not evidence of plaintiff's title to the note.

2. The court instructed the jury that there is no evidence to sustain the defence set up in the pleadings, and that their verdict must be for plaintiff.

If there was substantial evidence to make out the defence, it was wrong to take it from the consideration of the jury. But, if there was not evidence from which the jury might fairly infer that Sunder owned the tax-bill, and that he delivered it up to Mrs. Balmer, and caused the lien upon her property to be discharged in consideration of the promise from her, that the amount should be credited upon his note, then we think the court was right in not leaving it in the power of the jury to find a verdict by guess work, which the court must set aside as having no evidence to support it. There must be substantial evidence to warrant the submission of an issue to a jury. If one witness swears to a fact, there is substantial evidence of that fact, though he be contradicted as to the fact by other witnesses. The trial court ought not to take a case from the jury because there is a preponderance of evidence for defendant, but may safely do so where the plaintiff's case can be made out only by strained and unfair inferences from facts in evidence.

In the case at bar all the evidence offered by defendants as to their special defence, amounts to this : —

That Mrs. Balmer was the lessee of certain property in St. Louis ; that on December 16, 1873, a tax-bill was issued against this lot, as property leased by Hambleton to Mrs. Balmer for $272.31, in favor of Storll as contractor ; that satisfaction of the tax-bill was entered in the comptroller's office by Storll ; that Storll did the work in front of Mrs. Balmer's property, for which the tax-bill was issued ; that Sunder did the hauling of sand for this work for Storll ; that Storll, having an account with Sunder, delivered to him this tax-bill unindorsed ; that, after that, Storll was

directed by some one connected with the Balmer estate, or by Mrs. Balmer herself (he cannot recollect which), to enter satisfaction of the tax-bill at the City Hall, and that he did so, and that he never received pay for the bill from Mrs. Balmer, or from any one connected with the estate; that Sunder did not ask Storll to enter satisfaction of the tax-bill; that Charles Balmer never asked Storll to satisfy the tax-bill; that Sunder called on Charles Balmer in reference to a special tax-bill, shortly after Balmer qualified as executor; and that the executor found many tax-bills among Mrs. Balmer's papers, some in favor of Storll; and that he does not remember their amounts.

Where there is a conflict of evidence whether a security has, or has not, been satisfied by payment, the possession of the uncancelled security by the claimant ought to turn the scale in his favor, since in the ordinary course of dealing, the security is given up to the party who pays it. *Brembridge* v. *Osborne*, 20 E. C. L. 433.

The fact that the note was found amongst the assets of the estate of the payee, raises a presumption that it remained unpaid. The further facts, that the maker of the note, after its maturity, became the owner and holder of a special tax-bill, which, when issued, was a lien against the property of the payee of the note; that an entry had been made for the purpose of discharging this lien; and that the paper representing the lien claim, and which is made by law evidence of the facts stated in it, was found after her death amongst the papers of the holder of the note, tend to show that she paid the tax-bill. And, in the total absence of any further evidence of transactions between the parties, it is not a fair inference, from these facts, that the holder of the note did not actually pay the tax-bill, but agreed to give credit upon the note for the face of the bill, and neglected to do so. We may guess that this was perhaps so. But, as no entry to that effect was made upon the note, as Mrs. Balmer is dead, and as, for that reason, Sunder was

not permitted to testify, we can know nothing about it. There is no legal evidence to rebut the presumption that the note is unpaid. The fact which defendant had to show was, that the tax-bill was received by Mrs. Balmer as cash on account of the note, or that it was received under such circumstances as imposed upon her at least a moral obligation of applying the tax-bill *pro tanto* in extinguishment of the note. If the circumstances in evidence offered a fair and reasonable presumption — that is, a probable inference which our common sense draws from circumstances usually occuring in such cases — that the note was partly paid by the tax-bill, they should have been submitted to the jury. But it is quite consistent with every fact in evidence, that Mrs. Balmer may have paid the tax-bill to Sunder, and allowed him, nevertheless, to remain her debtor for the amount represented by the note. The natural inference from the facts appearing about the tax-bill, is, that Mrs. Balmer paid it; the natural inference from the facts appearing about the note, is, that it remained unpaid when Mrs. Balmer died.

We see nothing to warrant a reversal of the judgment. It will therefore be affirmed. Judge THOMPSON concurs; Judge LEWIS is absent.